DECISION AND JOURNAL ENTRY.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made.
{¶ 1} Appellant, Bobel Electric, Inc., appeals the decision of the Oberlin Municipal Court, which affirmed a magistrate's decision for judgment in favor of appellee, David R. Friedman. This Court affirms.
 I. {¶ 2} Appellant is a residential, commercial and/or light industrial electrical contractor. Appellee worked for appellant as an apprentice electrician for around fourteen months. Throughout this time, appellant had no complaints about appellee's work. In February of 2002, appellant began a new job as the electrical subcontractor for the construction of a residential structure in Lorain, Ohio. Appellant assigned appellee to the site to install the electrical fixtures, including wiring, switches, outlets, and lighting. On February 22, 2002, before the job was complete, appellant fired appellee.
 {¶ 3} At his termination, appellant owed appellee for 80 hours of wages and 40 hours of vacation pay at a rate of $14.18 per hour, for a total of $1,701.60. When appellant did not pay him, appellee filed a small claim complaint pro se against appellant in the Oberlin Municipal Court. That case proceeded to trial and the trial court ruled in favor of appellee, entering a judgment which awarded appellee $1,701.60, plus costs and 10% interest from the date of judgment. Appellant did not appeal the judgment.
 {¶ 4} Appellant filed a small claim complaint in the Oberlin Municipal Court on April 30, 2002, alleging sabotage and poor workmanship against appellee. The case proceeded to trial on June 2, 2002, and the magistrate rendered a decision in favor of appellee on July 15, 2002. Appellant timely filed objections to the magistrate's decision and appellee timely filed an opposition memorandum. The case went before the trial court, which affirmed the magistrate's decision and rendered judgment in favor of appellee on December 20, 2002.
 {¶ 5} Appellant timely appealed the December 20, 2002 judgment and sets forth two assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"The trial court erred when it held that the actions and/or omissions of the appellee did not rise to the level of actionable negligence or breach of contract."
 SECOND ASSIGNMENT OF ERROR
"The trial court's judgment is against the manifest weight of the evidence."
 {¶ 6} In its first assignment of error, appellant contends the trial court erred when it held that appellee's actions and/or omissions did not rise to the level of actionable negligence or breach of contract. In its second assignment of error, appellant asserts the trial court's judgment in favor of appellee is against the manifest weight of the evidence. This Court disagrees.
 {¶ 7} Appellant's argument of trial court error requires us to review that court's decision under an abuse of discretion standard. This Court has held:
"When reviewing an appeal from a trial court's adoption of a magistrate's decision under Civ.R. 53(E)(4), we must determine whether the trial court abused its discretion in adopting the decision. `Any claim of trial court error must be based on the actions of the trial court, not on the magistrate's findings or proposed decision.'
"An abuse of discretion is more than an error of judgment, but instead demonstrates `perversity of will, passion, prejudice, partiality, or moral delinquency.' When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court." (Citations omitted.) Modie v. Andrews (July 26, 2000), 9th Dist. No. 19543.
 {¶ 8} In the instant case, appellant claims that the trial court erred in adopting the magistrate's decision granting judgment in favor of appellee. Appellant also argues the trial court's judgment is contrary to the manifest weight of the evidence because appellant presented uncontroverted evidence of appellee's negligence, and the resulting damage, at the hearing before the magistrate. Although appellant's second assignment of error is presented by utilizing "manifest weight of the evidence" language, this Court reiterates that the proper standard of review for a trial court judgment that adopts a magistrate's decision is abuse of discretion and the instant appeal will be properly reviewed under this standard. See Modie; see, also, Vance v. Rusu (Aug. 1, 2001), 9th Dist. No. 20442 and Frahlich v. Frahlich-Lerch (Aug. 23, 2000), 9th Dist. No. 19807.
 {¶ 9} The magistrate found that appellant's allegations that appellee sabotaged or deliberately damaged the house were not proven by any standard of evidence. After appellant filed objections and appellee filed an opposition to appellant's objections, the case was heard by the trial court. In its journal entry, the trial court stated it read the original complaint, the exhibits introduced into evidence, the magistrate's decision, and all the pleadings filed with the court. The court also stated it read the additional cases cited by appellant. The trial court entered the following judgment:
"After a careful review of all of the pertinent facts in this case, as well as the pleadings filed on behalf of both parties, including the cases cited for the court's consideration, it is the decision of this court to uphold the Magistrate's Decision and affirm judgement in favor of the defendant David R. Friedman."
 {¶ 10} This Court has stated that "the determination of the weight to be given both to the evidence and the credibility of witnesses is a function primarily reserved for the trier of fact." State v. Bush, 9th Dist. No. 21326, 2003-Ohio-4151, at ¶ 5. In the instant case, although there was conflicting testimony from William Bobel and appellee, the trial court found appellee's testimony more credible. Appellee testified that he never received complaints from Mr. Bobel about his work while he was doing the Lorain job and that Mr. Bobel fired him when the job was only 60% done and appellee was unable to finish his work. Appellee further testified that he believed appellant was retaliating against him because appellee had sued appellant to recover his unpaid wages the company owed him. Moreover, the trial court stated in its journal entry that appellant failed to provide sufficient evidence to show sabotage or deliberate damage on the part of appellee.
 {¶ 11} After careful review of the record, this Court cannot say that the trial court acted with partiality, prejudice, perversity of will, or the like in overruling appellant's objections to the magistrate's decision and affirming judgment in favor of appellee. The trial court conducted an independent review of the case and concluded that appellant had failed to prove its allegations of sabotage or deliberate damage against appellee. This Court gives deference to the trial court's factual findings. See State v. Kish, 9th Dist. No. 02CA008146, 2003 Ohio 2426, at ¶ 55.
 III. {¶ 12} Accordingly, appellant's two assignments of error are overruled. The judgment of the Oberlin Municipal Court is affirmed.
Judgment affirmed.
SLABY, P.J. and BATCHELDER, J. concur.